**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHUCK BROWN BAIL BONDS,** | : | |
| **Plaintiff,** | : | **Case No. 2:08-CV-607** |
| **v.** | : | **Judge Holschuh** |
| **AT&T ADVERTISING &** | : | **Magistrate Judge King** |
| **PUBLISHING,** | : | |
| **Defendant.** | : | |
| | : | |

## MEMORANDUM OPINION & ORDER

This matter is currently before the Court on Defendant Ameritech Publishing, Inc.'s

(d/b/a AT&T Yellow Pages and AT&T Advertising & Publishing) unopposed motion to dismiss

Plaintiff's directory assistance claims for lack of subject matter jurisdiction.  (Doc. 22).  For the

reasons stated below, the Court grants that motion.

**I.      Background and Procedural History**

On June 24, 2008, Plaintiff Chuck Brown Bail Bonds, an Ohio corporation, filed suit in

state court against AT&T Advertising & Publishing, a Delaware corporation with its principal

place of business in Michigan, seeking to recover damages for breach of contract and negligence.

 Defendant removed the case to federal court based on diversity of citizenship.

According to the Complaint, when Plaintiff signed a contract with Defendant in June of

2002 for the provision of telephone services, Defendant agreed to provide Plaintiff with a free

listing in the AT&T Columbus Yellow Pages.  However, for each of the next five years,

Defendant failed to include Plaintiff's listing as promised.  Each year, when Plaintiff contacted

Defendant to inquire about the omission, Plaintiff was told that it would be corrected in the next

publication, but it was not.

In Count I of its Complaint, Plaintiff alleges that Defendant breached its contract "by not listing Plaintiff in the AT&T Columbus Yellow Pages, and by not making Plaintiff available to potential customers seeking to contact Plaintiff through AT&T Directory Assistance." In Count II of the Complaint, Plaintiff alleges that Defendant had a duty to investigate Plaintiff's inquiries concerning Plaintiff's exclusion from the Yellow Pages and its unavailability to potential customers seeking to contact Plaintiff through Directory Assistance. Plaintiff further alleges that Defendant breached that duty, causing Plaintiff to suffer loss of business, loss of goodwill, and loss of business reputation.

On September 22, 2008, Defendant filed a motion to dismiss Plaintiff's directory assistance claims for lack of subject matter jurisdiction. Defendant contends that the directory assistance claims fall within the exclusive jurisdiction of the Public Utilities Commission of Ohio ("PUCO"). When Plaintiff failed to file a memorandum in opposition to that motion within the time allotted by the local rules, the Court issued an Order giving Plaintiff until October 27, 2008 to show cause why Defendant's motion should not be granted. That deadline has now expired and Plaintiff has again failed to respond.

## II.    Standard of Review

Federal courts are not courts of general jurisdiction. They have only the power authorized by Article III of the Constitution and conferred by acts of Congress. <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 541 (1986). Jurisdiction is a prerequisite to a court ruling on the merits of a case. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining

to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869).

Motions to dismiss for lack of subject-matter jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(1). Such challenges come in two forms: facial challenges and factual challenges. In a facial challenge, a defendant contends that, even accepting the material allegations of the complaint as true and construing them in a light most favorable to the nonmoving party, the court still lacks subject-matter jurisdiction over the claim. Singleton v. United States, 277 F.3d 864, 870 n.4 (6th Cir. 2002) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)).

In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegation, but a challenge to the factual existence of subject matter jurisdiction." United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). If the moving party makes a factual attack, when determining whether subject-matter jurisdiction exists the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Cameron v. Children's Hosp. Med. Ctr., 131 F.3d 1167, 1170 (6th Cir. 1997) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)). "[N]o presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. In either case, the burden is on the party asserting jurisdiction to demonstrate that subject-matter jurisdiction exists. See Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).

III.    **Analysis**

Plaintiff seeks damages for breach of contract and negligence based on: (1) Defendant's alleged failure to include Plaintiff's listing in the Yellow Pages as promised; (2) Defendant's alleged failure to make Plaintiff's contact information available to potential customers through AT&T's Directory Assistance; and (3) Defendant's alleged negligence in failing to investigate Plaintiff's complaints and to correct the problem.

To the extent that Plaintiff's claims are based on Defendant's alleged failure to include Plaintiff's listing in the Yellow Pages, and alleged negligence in failing to investigate Plaintiff's repeated inquiries into the omission, Defendant does not challenge this Court's subject matter jurisdiction.  Nor could it.  Under Ohio law, classified advertising in the Yellow Pages is governed by contract and is not regulated by PUCO.  See Vass v. Ohio Bell Tel. Co., C.A. No. 9977, 1981 WL 3957 (Ohio Ct. App. April 22, 1981); Richard A. Berjian, D.O., Inc. v. Ohio Bell Tel. Co., 54 Ohio St. 2d 147, 155, 375 N.E.2d 410, 415 (Ohio 1978) (holding that classified advertising service is "a matter of private concern only"); Directory Sales Management Corp. v. Ohio Bell Tel. Co., No. C84-773, 1986 WL 10897, at *4 (N.D. Ohio June 23, 1986)(holding that "if engaged in the business of selling, advertising or listings in the classified business telephone directories, a telephone company is not a public utility and not within the power and jurisdiction of PUCO.").

Defendant has, however, launched a facial challenge to Plaintiff's claims based on Defendant's alleged failure to make Plaintiff's contact information available to potential customers through AT&T's Directory Assistance.  Defendant argues that, even accepting the material allegations of the Complaint as true and construing them in a light most favorable to

4

Plaintiff, the court still lacks subject-matter jurisdiction over Plaintiff's directory assistance claims. According to Defendant, the claims relate to regulated services that fall under the exclusive jurisdiction of PUCO. The Court agrees.

PUCO has exclusive jurisdiction over numerous matters involving public utility companies, including customer complaints that are "manifestly service-related." See State ex rel. Columbia Gas of Ohio v. Henson, 102 Ohio St. 3d 349, 2004-Ohio-3208, 810 N.E.2d 953, at ¶¶ 16, 20. One of the regulations promulgated by PUCO provides as follows:

> (B) Local exchange carriers (LECs) shall annually supply their customers with directory information through one of the following means:
>
>> (1) A printed directory(ies) that must include, at a minimum, all published telephone numbers in current use within the ILEC local calling area. . .
>>
>> (2) Free directory assistance for all published telephone numbers in current use within the ILEC local calling area.

Ohio Admin. Code § 4901:1-5-03(B).

Complaints stemming from violations of this particular regulation are "manifestly service-related" and, therefore, fall within the exclusive jurisdiction of PUCO. For example, in Vass, the court held that PUCO had exclusive jurisdiction over a complaint stemming from the telephone company's failure to include a customer's listing in the residential white pages. Vass, 1981 WL 3957, at *2. The regulation implicated in that case was, at that time, set forth in Ohio Administrative Code § 4901:1-5-07. It required telephone companies "to provide alphabetical listings of their customers in a directory." Id. Although PUCO has subsequently amended and renumbered its regulations, that regulation is substantially similar to the current regulation set forth in Ohio Administrative Code § 4901:1-5-03(B)(1) requiring local exchange carriers to

provide a printed directory that includes all published telephone numbers in current use within the local calling area. In the Court's view, based on the holding in <u>Vass</u>, PUCO would have exclusive jurisdiction over a complaint involving a violation of § 4901:1-5-03(B)(1).

To the extent Plaintiff alleges that Defendant failed to make its phone number available to potential customers who sought to contact Plaintiff through AT&T's Directory Assistance, and failed to adequately investigate Plaintiff's complaints concerning this particular matter, subsection (2) of this regulation, requiring local exchange carriers to provide free directory assistance for all published telephone numbers within the local calling area, is clearly implicated. When a local exchange carrier breaches this duty, it disrupts the service it is obligated to provide to its customers. In the Court's view, because Plaintiff's directory assistance claims are manifestly service-related complaints, PUCO has exclusive jurisdiction over them.

## IV.     Conclusion

For the reasons set forth above, the Court finds that it lacks subject matter jurisdiction over Plaintiff's directory assistance claims. The Court therefore **GRANTS** Defendant's unopposed motion to dismiss those claims. (Doc. 22.) The Court, however, retains jurisdiction over Plaintiff's claims that Defendant breached its contract by failing to include Plaintiff's listing in the Yellow Pages, and negligently failed to investigate Plaintiff's repeated complaints concerning the alleged omission.

**IT IS SO ORDERED.**

Date: November 24, 2008                          **/s/ John D. Holschuh**
                                                 John D. Holschuh, Judge
                                                 United States District Court